UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON S. PLANCK,

              Plaintiff,
v.                                                               1:12-CV-0336 (GTS/DRH)

SCHENECTADY COUNTY, *et al.*,
              Defendants.
_____

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      The Court has carefully considered Plaintiff's Motion for a Temporary Restraining Order by Order to Show Cause under, under Fed. R. Civ. P. 65(b)(1), and Local Rules 7.1(f) and (e) of the Local Rules of Practice for this Court (Dkt. No. 4), and has concluded that Plaintiff has not shown cause for the relief he requests. More specifically, the Court bases this conclusion on the following three findings:

    (1)    Plaintiff has not established the requirement for the issuance of an Order to Show Cause under Local Rules 7.1(f) and (e) of the Local Rules of Practice for this Court and Fed. R. Civ. P. 65(b)(1). (*See generally* Dkt. No. 4.) For example, Plaintiff has not submitted an affidavit "clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used" with regard to its Motion for a Preliminary Injunction. N.D.N.Y. L.R. 7.1(e); *see also* Fed. R. Civ. P. 65(a)(1)(B). Indeed, Plaintiff has not even either (1) given "reasonable advance notice of the application for an Order to Show Cause to the other parties" or (2) "demonstrate[d], in a detailed and specific affidavit, good cause and substantial prejudice" that would result from requiring Plaintiff to give

>  Defendants reasonable advice notice of his application for an Order to Show Cause.  N.D.N.Y. L.R. 7.1(e); *see also* Fed. R. Civ. P. 65(a)(1)(B).
>
> (2) Plaintiff has not sufficiently established a likelihood of irreparable harm if a Temporary Restraining Order is not issued between the date of this Decision and Order and the date of a hearing (and decision) on its Motion for a Preliminary Injunction.  (*See generally* Dkt. No. 4.)  For example, the Court notes that Plaintiff has alleged that construction of the "New County Run Nursing Home" will not begin until "in around April 2012" and is expected to take two years.  (*Id*. at 2; Dkt. No. 1, at 4.)  Even if Plaintiff had adduced evidence that such construction would begin and end sooner, his papers would not be sufficient, because he has not shown the absence of an adequate remedy at law, such as an award of money damages.  (*See generally* Dkt. No. 4.)[1]
>
> (3) Based on the current briefing, Plaintiff has not sufficiently established either (a) a likelihood of success on the merits of its case, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.  (*See generally* Dkt. Nos. 1, 4.)[2]  For

---

[1] The Court notes that Plaintiff does not allege the construction of the "New County Run Nursing Home" will result in his having to change residences.  Rather, he alleges that he lives on Jackson Avenue in Schenectady, New York, while the current county nursing home that will allegedly be replaced by the "New County Run Nursing Home" (i.e., the "Glendale Home") is located on Hetcheltown Road in Glenville, New York.  (*Id*. at 2-3; *see also* Dkt. No. 1, at 2, 4.)

[2] For the sake of brevity, the Court will assume, in this Decision and Order, that Plaintiff's Motion for a Temporary Restraining Order is not governed by the standard governing a Motion for a Temporary Restraining Order seeking to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme–although that fact is far from clear

example, among the claims asserted by Plaintiff are those regarding disability discrimination in the employment of contractors to build the "New County Run Nursing Home." (*See*, *e.g.*, Dkt. No. 1, at 7.) However, Plaintiff has not sufficiently shown that he has standing to assert such claims, for example, that he is qualified to help build the new facility. (*See generally* Dkt. No. 4.) Indeed, Plaintiff alleges that his disability is so "sever[e]" that New York State's Vocational and Educational Services for Individuals with Disabilities Department has "closed [his] case" due to the lack of jobs he can perform. (Dkt. No. 1, at 6.) Nor has he sufficiently shown the Court (based on the current briefing) that he has standing to assert his claim on behalf of all county taxpayers based on Defendants' alleged misuse of their tax dollars. (Dkt. No. 4.)

For each of these three alternative reasons, the Court denies Plaintiff's Motion for a Temporary Restraining Order by Order to Show Cause. (Dkt. No. 4.)

---

under the circumstances. *See Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989) (noting that the movant may satisfy the second prong of the preliminary injunction test only by meeting the higher "likelihood of success" standard if it seeks to stay "governmental action taken in the public interest pursuant to a statutory or regulatory scheme"); *but see Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 923-24 (2d Cir. 1997) (noting that, where "there are public interest concerns on both sides" and the injunction is not sought to prevent the exercise of governmental regulatory authority, the movant may satisfy the second prong of the preliminary injunction test through the lower "serious questions" standard).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order by Order to Show Cause (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that decision is **RESERVED** on Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 4), pending service of Plaintiff's Complaint on Defendants, and the filing of Defendants' response to Plaintiff's Motion (should that Complaint survive the review of United States Magistrate Judge David R. Homer).

Dated: March 1, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge