UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON S. PLANCK,
                              Plaintiff,

                                                          1:12-CV-0336(GTS/DRH)
v.

SCHENECTADY COUNTY, *et al.*,
                              Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

JASON S. PLANCK
  Plaintiff, *Pro Se*
208 Jackson Avenue, Apt. B
Schenectady, NY 12304

GOLDBERG SEGALLA LLP              JONATHAN M. BERNSTEIN, ESQ.
  Counsel for Defendants              WILLIAM J. GREAGAN, ESQ.
8 Southwoods Boulevard, Suite 300
Albany, NY 12211-2526

GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

Currently pending before the Court, in this *pro se* civil rights action filed by Jason S.

Planck ("Plaintiff") against Schenectady County and fifteen of its legislators ("Defendants"), are

the following four motions: (1) Plaintiff's motion for reconsideration of the Court's Decision and

Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10);

(2) Plaintiff's motion for a report from the Court regarding the status of his motion for

reconsideration (Dkt. No. 30); (3) Plaintiff's motion for a preliminary injunction (Dkt. No. 4);

and (4) Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17).  For the reasons

set forth below, Plaintiffs' three motions are denied; and Defendants' cross-motion is granted.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiff's Claims**

Generally, when construed with the utmost of special liberality, Plaintiff's Complaint

asserts three civil rights claims against Defendants–one claim asserting a violation of

Rehabilitation Act of 1973, and two claims asserting violations of the Americans with

Disabilities Act–arising from Schenectady County's ("the County") approval of a project labor

agreement (to construct a new nursing home) that permits the hiring of only unionized

construction workers, thus discriminating against qualified nonunionized construction workers

with disabilities.  (*See generally* Dkt. No. 1.)  Because this Decision and Order is intended

primarily for the review of the parties, and because Defendants (in their memorandum of law)

accurately describe the claims and factual allegations asserted in Plaintiff's Complaint, the Court

will not describe those claims and factual allegations in detail in this Decision and Order.

Rather, the Court will refer the reader to pages 1 through 3 of Defendants' memorandum of law

and paragraphs 2 through 4, and 7 through 44, of Plaintiff's Complaint.  (Dkt. No. 17, Attach.

11, at 6-8 [attaching pages "1" through "3" of Defs.' Memo. of Law]; Dkt. No. 1, at ¶¶ 2-4, 7-

44.)

B.      **Briefing on the Parties' Motions**

Because the parties have demonstrated in their memoranda of law an adequate

understanding of the legal arguments asserted in each other's motions, the Court need not, and

does not, describe in detail those arguments in this Decision and Order.  Rather, the Court will

simply make two points.

First, generally, in their cross-motion to dismiss, Defendants assert the following three

arguments: (1) Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), because (a) the Court lacks subject-matter jurisdiction over Plaintiff's challenge to the County's project labor agreement (which must be presented by Plaintiff in an Article 78 proceeding in state court), and (b) Plaintiff, who is not a qualified construction worker but merely a taxpayer, lacks standing to challenge the County's approval of the project labor agreement; (2) in the alternative, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to allege facts plausibly suggesting the elements of a claim under either Rehabilitation Act of 1973 or the Americans with Disabilities Act (particularly the element requiring that he be a *qualified* individual with a disability); and (3) in the alternative, Plaintiff's claims against the legislative Defendants should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), because, based on Plaintiff's own factual allegations, those claims are either duplicative of Plaintiff's claims against the County or barred as a matter of law by the doctrine of legislative immunity.   (Dkt. No. 17, Attach. 11, at 8-22 [attaching pages "3" through "17" of Defs.' Memo. of Law].)

        Second, in this District, when a party files a dispositive motion (such as a motion for a preliminary injunction),[1] that party is not entitled to file a surreply.  N.D.N.Y. L.R. 7.1(b)(1). Furthermore, when a party files a nondispositive motion (such as a motion for reconsideration), that party is not even entitled to file a reply, without prior leave of the Court.  N.D.N.Y. L.R. 7.1(b)(2).  Finally, when a party files a cross-motion (such as a cross-motion to dismiss), that

---

        [1]     *See Odom v. Senkowski*, 96-CV-0554, 1997 WL 458450, at *1 (N.D.N.Y. Aug. 7, 1997) (Pooler, D.J.) ("Because Odom's request for a preliminary injunction is a dispositive motion, the magistrate judge's recommendations require de novo review.").

party is not entitled to file a reply on its cross-motion without prior leave of the Court.  N.D.N.Y.

L.R. 7.1(c).  Even if it were permitted to file a reply, that reply may address only the party's own

cross-motion, and not the opponent's original motion; otherwise, the "reply" would, in part,

constitute a surreply.[2]  Here, the parties have violated each of these rules, in addition to violating

several filing deadlines.  (Dkt. Nos. 23, 25, 31, 32; *see also* Text Notices filed March 9, 2012,

and Apr. 2, 2012.)[3]  As a result, the submissions contained in Docket Numbers 23, 25, 31 and 32

will not be considered by the Court.  The Court would add only that, even if it were to consider

the submissions, that consideration would not change the outcome of this Decision and Order.

## II.   ANALYSIS

### A.    Motion for Reconsideration

Generally, there are only three grounds upon which a district court may justifiably

reconsider its previous ruling: (1) an intervening change in controlling law, (2) new evidence, or

(3) a demonstrated need to correct a clear error of law or to prevent manifest injustice.  *U.S. v.*

*Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994), *cert. denied*, 514, U.S. 1038 (1995).

Here, after carefully considering the matter, Plaintiff's motion for reconsideration is

denied for each of the numerous reasons offered by Defendants in their memorandum of law:

---

[2]      *See Carlwood Dev. Inc. v. U.S.*, 10-CV-1773, 2011 WL 69374, at *1 (D. Nev. Jan. 10, 2011) (denying petitioner's motion to strike government's improper "cross-motion"– which did not "address[] any matters even remotely indicative of a motion for summary judgment" but rather merely responded to the matters raised by the petitioners in their opening brief–because "rather than striking any portion of the ['cross-motion'] itself, the Court will merely construe [it] as only a response to the [petitioner's] opening brief, and not a cross-motion," and strike the government's unauthorized reply on its improper cross-motion as "nothing more than a disingenuous attempt to get the last word").

[3]      The Court notes that, on February 28, 2012, Plaintiff receive a courtesy copy of the Local Rules of Practice for this Court.  (*See* Docket Entry dated Feb. 28, 2012; Dkt. No. 9.)

Plaintiff has not satisfied the above-described standard. (Dkt. No. 17, Attach. 11, at 15-18 [attaching pages "10" through "13" of Defs.' Memo. of Law].)

The Court would add two alternative grounds for the denial of Plaintiff's motion.  First, Plaintiff's motion is unsupported by a memorandum of law that is separate and apart from an affidavit, in violation of Local Rule 7.1.  The Court notes that an affidavit may not contain legal argument.  N.D.N.Y. L.R. 7.1(a)(2).  Second, Plaintiff's motion is moot in that it seeks an order restraining Defendants from acting between a discrete time period (i.e., the time of the Court's decision on Plaintiff's motion a temporary restraining order and the time of the Court's decision on Plaintiff's motion for a preliminary injunction), which has, as of the date of this Decision and Order, already expired.

Finally, the Court notes that Plaintiff's motion for reconsideration also requested oral argument, and/or an expedited decision, on Plaintiff's motion for reconsideration.  That request is denied as unsupported by a showing of cause and/or moot.

### B.      Motion for a Status Report from the Court

After carefully considering the matter, Plaintiff's motion for a status report from the Court is denied as unsupported by a showing of cause and/or moot.

### C.      Motion for a Preliminary Injunction

Generally, the issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor.  *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995).

Here, after carefully considering the matter, Plaintiff's motion for a preliminary injunction is denied for each of the numerous reasons offered by Defendants in their memorandum of law: Plaintiff has not satisfied the above-described standard: on the current record, Plaintiff has not established either irreparable harm or a likelihood of success on the merits.  (Dkt. No. 17, Attach. 11, at 18-22 [attaching pages "13" through "17" of Defs.' Memo. of Law].)  Of particular concern to the Court is this latter deficiency (i.e., Plaintiff's failure to show a likelihood of success on the merits), which is exacerbated by the various substantive pleading defects in his Complaint.  The Court would add only that, even setting aside these pleading defects, following the Court's denial of Plaintiff's motion for a temporary restraining order, Plaintiff did not supplement the record with the sufficient evidence to warrant a contrary finding.  (*Compare* Dkt. No. 1 *and* Dkt. No. 4 *with* Dkt. No. 10 *and* Dkt. No. 22.)

**D.     Defendants' Cross-Motion to Dismiss**

**1.     Legal Standard Governing Dismissal for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)**

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction.  *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and

6

inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d

635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

The Court notes that challenges to a litigant's standing are properly raised on a motion

for lack of subject-matter jurisdiction. *See Alliance for Envtl. Renewal, Inc. v. Pyramid*

*Crossgates Co.*, 436 F.3d 82, 88-89 & n.6 (2d Cir. 2006) ("Although we have noted that standing

challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), . . . the

proper procedural route is a motion under Rule 12(b)(1)."); *A.C. v. Mattingly*, 05-CV-2986, 2007

WL 894268, at *3 (S.D.N.Y. March 20, 2007) ("The argument of lack of standing is properly

raised under Rule 12(b)(1).").

> **2.    Legal Standard Governing Dismissal for Failure to State a Claim
> Upon Which Relief Can Be Granted, Pursuant to Fed. R. Civ. P.
> 12(b)(6)**

It has long been understood that a dismissal for failure to state a claim, pursuant to Fed.

R. Civ. P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the

"sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal

cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn.15-16

(N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations

omitted].

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a

short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that

the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what

the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212,

n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id*. at 212, n.18 [citations omitted].[4]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id*. at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id*. at 213, n.22 [citations omitted]; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a

---

[4]      *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 1965 [citations omitted].  More

specifically, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level [to a plausible level]," assuming (of course) that all the allegations in the

complaint are true.  *Id*. [citations omitted].[5]

  As have other Circuits, the Second Circuit has recognized that the clarified plausibility

standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including

claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed

generously, in light of the special solicitude normally afforded *pro se* litigants).[6]  It should be

emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way

retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*,

in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary"

to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197,

2200 (2007) [citation omitted; emphasis added].  That statement was merely an abbreviation of

the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading

---

[5] *See also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.").

[6] *See, e.g., Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[7]

In reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[8] it does not

---

[7]        For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatitis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson*, 127 S. Ct. at 2199-2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatitis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alves*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

[8]        *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[9]   Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[10]   Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."   *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

---

[9]       *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995).

[10]       *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[11]

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion

to dismiss for failure to state a claim may be considered as effectively amending the allegations

of his complaint–to the extent those papers are consistent with the allegations in the complaint.[12]

---

[11]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[12]     *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of

### 3.    Analysis

After carefully considering the matter, and applying the above-described legal standard, Plaintiff's motion for a preliminary injunction is denied for each of the three alternative reasons offered by Defendants in their memorandum of law. *See, supra,* Part I.B. of this Decision and Order (summarizing those reasons).

The Court would add only two points. First, although Plaintiff attaches 97 pages of exhibits in his opposition to Defendants' motion to dismiss for failure to state a claim, and a 23-page memorandum of law, the Court either (1) does not construe the allegations in those documents as consistent with the allegations in Plaintiff's Complaint or (2) finds the allegations in those documents to be insufficient to rescue the pleading defects contained in Plaintiff's claims. Second, although Plaintiff appears to now largely hinge his claims on *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), and/or Fed. R. Civ. P. 23, the Court finds that reliance to be misplaced. (Dkt. No. 22, Attach. 1, at 4-8.)

### 4.    Whether Dismissal Should Be With or Without Prejudice

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.[13]

---

due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

[13]     *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted).[14] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1.

Here, the Court finds that the pleading deficiency in Plaintiff's claims are substantive and not merely formal. As an initial matter, lack of subject-matter jurisdiction is generally viewed as a substantive defect.[15] Even if the Court did possess subject-matter jurisdiction over Plaintiff's

---

opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

[14]      *Accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

[15]      *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.*, 152 F. Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a

claims, the pleading defects in those detailed claims still appear substantive.  For example, it does not appear to the Court that granting Plaintiff leave to amend his claims would likely be productive.  Setting aside the fact that he has failed to correct those defects despite having had months in which to do so, the fact remains that he appears to insist on asserting nonactionable claims, rendering any amendment futile.  (*See generally* Dkt. No. 22, Attach. 1.)  As a result, the Court declines to afford Plaintiff an opportunity to amend his Complaint prior to dismissal.

However, because Defendants argued persuasively that Plaintiff should have presented his challenge to the County's project labor agreement in an Article 78 proceeding in state court, the Court dismisses Plaintiff's claims against the County without prejudice to refiling in state court within thirty (30) days of this Decision and Order.[16]

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for reconsideration of the Court's Decision and Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a report from the Court regarding the status of his motion for reconsideration (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED**; and it is further

---

successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile.").

[16]    The Court notes that, in addition, it expresses no opinion as to the merits of any claim, arising in the future, that Plaintiff may or may not bring pursuant to *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999).

**ORDERED** that Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice EXCEPT** for his claims against Schenectady County, which are **DISMISSED without prejudice** to refiling in state court within **THIRTY (30) DAYS** of this Decision and Order.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: June 1, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge